IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MULROONEY                          :
139 Laurel Road                            :
Lackawaxen, PA 18435                       :
      Plaintiff                        :
                                         : NO.:
v.                                         :
                                           :
STATE FARM MUTUAL AUTOMOBILE :
INSURANCE COMPANY                          :
1 State Farm Plaza                         :
Bloomington, IL 61710                      :
      Defendant                        :

## COMPLAINT

### Parties, Jurisdiction & Venue

1. Plaintiff, Michael Mulrooney, is an adult individual with an address located above.

2. Defendant, State Farm Mutual Automobile Insurance Company, is a business corporation doing business in the City and County of Philadelphia and has an active insurance business writing thousands of insurance policies in the City and County of Philadelphia and has an active employee office and business at the address located at 1 State Farm Plaza, Bloomington, Illinois 61710.

3. Defendant, State Farm Mutual Automobile Insurance Company, is an insurance company that sells insurance policies to citizens of the Commonwealth of Pennsylvania and the County of Philadelphia.

4. Plaintiff, Michael Mulrooney, was involved in a motor vehicle accident on July 5, 2023 on the New Jersey Turnpike SNE Roadway near 109 in the State of New Jersey.

5. At the time of the accident, Plaintiff, Michael Mulrooney, was a Pennsylvania resident who was injured in a motor vehicle accident in the State of New Jersey.

6. The insurance policy that was purchased by Plaintiff, Michael Mulrooney, does not have a venue requirement contained in the insurance policy.

7. Defendant, State Farm Mutual Automobile Insurance Company, can be served with process at the address reflected in the caption as an active business entity conducting business at all times in the City and County of Philadelphia and accordingly this Honorable Court possess both specific and general personal jurisdiction over Defendant.

## Factual Allegations

8. In consideration for the premiums paid, Defendant, State Farm Mutual Automobile Insurance Company, issued a policy of insurance, Policy No.: 2027915B0138F, insuring two 2020 Nissan Rogues as well as an additional policy, Policy No.: 2314488E2238A, insuring a Kawasaki Mule.

9. Plaintiff, Michael Mulrooney, is a named insured on the policy and is attached as Exhibit A are the declaration pages provided by Defendant confirming coverage of at least $300,000.00 in underinsured motor vehicle coverage.

10. Although, Plaintiff had requested the entirety of all policy documents and signature forms from the policy inception through the time of the accident there are numerous years of documents and records that are missing and there is the possibility that there is additional insurance coverage beyond the $300,000.00 in underinsured motor vehicle coverage illustrated on the policies attached.

11. On July 5, 2023, Plaintiff was significantly injured in a motor vehicle accident while in a cab in the State of New Jersey who caused a significant accident and injuries to the Plaintiff.

12. The company that insured the cab agreed to pay $25,000.00 in coverage after being given permission by Defendant, State Farm Mutual Automobile Insurance Company to settle Plaintiff's claim.

13. The policy is valid, enforceable and legally binding contract and it includes an implied covenant of good faith and fair dealing.

14. On or about July 5, 2023, the policy was in full force and effect.

15. As a result of this motor vehicle accident, Plaintiff, Michael Mulrooney, incurred medical bills and sustained serious and significant injuries and required treatment related to and caused by the accident.

16. As a result of the aforesaid motor vehicle crash, Plaintiff, Michael Mulrooney, suffered serious and permanent injuries, including, but not limited to, total left knee replacement, left knee tears, left knee injury, cervical sprain and strain, scarring, lacerations, bleeding, and a loss of consciousness, as well as a severe shock to the nervous system of said Plaintiff who was otherwise bruised, lamed, disordered and sustained permanent injuries.

17. As a further result of the aforesaid crash, Plaintiff, Michael Mulrooney, has been obliged to receive and undergo medical attention and care, and to incur various and diverse expenses of which Plaintiff, Michael Mulrooney, may continue to expend and incur for an indefinite time into the future.

18. As a further direct and proximate result of the aforesaid crash, Plaintiff, Michael Mulrooney, has or may have suffered a loss of earnings and impairment of his earning capacity.

19. As a further result of aforesaid crash, Plaintiff, Michael Mulrooney, has suffered severe physical pain and trauma, scarring, emotional upset and mental anguish and humiliation, any may continue to suffer the same for an indefinite time into the future.

20. As a result of the aforesaid crash, Plaintiff, Michael Mulrooney, has suffered a diminution in his ability to enjoy life and life's pleasures, all of which may continue indefinitely into the future.

21. Mr. Mulrooney has complied with all conditions and terms of the policy and has fully performed his obligations under the contract.

22. On July 3, 2024, Defendant was sent Plaintiff's medical records and specialists, which was confirmed by the carrier on August 2, 2024.

23. Defendant, State Farm Mutual Automobile Insurance Company, made no offers relative to the value of Plaintiff's claim at any point in time.

24. Defendant, State Farm Mutual Automobile Insurance Company, failure to properly evaluate, review and respond to demands has unreasonably required the Plaintiff to spend monies and filing of a lawsuit.

**WHEREFORE**, Plaintiff, Michael Mulrooney, is entitled to a judgment against Defendant, State Farm Mutual Automobile Insurance Company, in an amount in excess of Fifty Thousand ($50,000.00) Dollars for actual damages, prejudgment interest, attorney's fees and costs, and for such other relief as the Court may deem just and proper.

## COUNT I
## BREACH OF CONTRACT

25. The preceding paragraphs are repeated and reiterated as if fully set forth verbatim herein.

26. Defendant, State Farm Mutual Automobile Insurance Company, entered into a contractual relationship with Plaintiff, Mulrooney, whereby in consideration of premiums paid under the policy, Defendant, State Farm Mutual Automobile Insurance Company, agreed to provide underinsured coverage benefits to the Plaintiff.

27. The policy is a valid, enforceable and legally binding contract.

28. Pursuant to the terms of the contract, Plaintiff, Michael Mulrooney, made a request that the Defendant provide reasonable offers for his injuries that would rationally relate to the value of the claim.

29. Plaintiff, Michael Mulrooney, has performed all of his obligations under the contract.

30. Defendant, State Farm Mutual Automobile Insurance Company, has refused to issue payment or rationally, reasonably or remotely evaluate the Plaintiff's claims properly in a timely manner.

31. Defendant, State Farm Mutual Automobile Insurance Company, is well aware of Plaintiff's damages; the medical records provided to the Defendant established the Plaintiff suffered serious and significant injuries, which has led to continuous and ongoing pain of which is permanent in nature.

32. It is alleged that Plaintiff is entitled to full amount of coverage of at least $300,000.00 in underinsured motorist benefits.

33. Plaintiff may be entitled to additional coverage under the policy as the Defendant has failed to produce the entirety of all the policy documents required to do a full review of the availability of coverage.

34. As a result of Plaintiff's selection of underinsured motorist benefits, the insured paid and the Defendant accepted increase premium payments.

35. Defendant, State Farm Mutual Automobile Insurance Company, has failed to honor its contract refusing to pay underinsured motorist benefits.

36.     Defendant, State Farm Mutual Automobile Insurance Company, has failed objectively and fairly to evaluate the Plaintiff's claims.

37.     As State Farm Mutual Automobile Insurance Company's insured, Plaintiff is owed by Defendant, State Farm Mutual Automobile Insurance Company, a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the Underinsured Motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

**WHEREFORE**, Plaintiff, Michael Mulrooney, is entitled to a judgment against Defendant, State Farm Mutual Automobile Insurance Company, in an amount in excess of Fifty Thousand ($50,000.00) Dollars for actual damages, prejudgment interest, attorney's fees and costs, and for such other relief as the Court may deem just and proper.

_____
MATTHEW L. SOLOMON, ESQUIRE
MATTHEW H. GOLDSMITH, ESQUIRE
Attorneys for Plaintiff

## VERIFICATION

The undersigned, having read the attached pleading, hereby verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of the lawsuit. The language of the pleading is that of counsel and not of signer. Signer verifies that he has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleading and that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Signed by:
Michael Mulrooney
D49220B9CCEB4CB...

DATED: 1-13-26